1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Harley D. Hembd,                    )
                                         )    No.  CIV 05-0735-PHX-DKD
10                 Plaintiff,            )
                                         )    **ORDER**
11   vs.                                 )
                                         )
12   James G. Roche, Secretary of The Air )
     Force,                              )
13                                       )
                   Defendant.            )
14   _____)

15          Pending before the Court is Defendant Dr. James G. Roche's Motion to Dismiss (Doc.

16   #6), which was converted to a Motion for Summary Judgment (Doc. #15), filed August 25,

17   2005.  For the reasons stated below, the Court finds there exists a material question of fact, and

18   therefore denies Defendant's Motion for Summary Judgment.  The parties have consented to

19   Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

20                                **BACKGROUND**

21          Plaintiff Harley D. Hembd (hereafter "Hembd") is an Aircraft Machinist at Luke Air

22   Force Base, Arizona.  Hembd is an employee of the Defendant and has held this position since

23   1985.  Hembd filed a complaint against Defendant Dr. James G. Roche, Secretary of the Air

24   Force [1], on March 8, 2005, alleging that he suffered religious discrimination (Doc #4-1).

25   Hembd asserts that he suffered religious discrimination when his first-level supervisor at the

26   time, Clinton Bowdry, did not award Hembd a monetary performance award for the appraisal

27   _____

28          [1]The Clerk of the Court is directed to substitute the Honorable Michael L. Dominguez as the
     successor to James G. Roche.

period of April 1, 2000 through March 31, 2001.  Hembd alleges that Bowdry did grant an award to Hembd's co-worker, Craig Trujillo, and Hembd claims that this award was based on Trujillo's involvement in religious activities.  Hembd filed a complaint with the EEOC on February 13, 2003, which was subsequently dismissed.  Hembd's demands for damages include the monetary cash award he was denied, plus interest, and any losses incurred due to the filing of this claim.

Clinton Bowdry has worked at Luke Air Force Base since about October 2000 (Transcript from Department of Defense discrimination investigation hearing, August 6, 2003, page 50).  During the performance period that Hembd asserts he was the victim of religious discrimination, Bowdry was the Section Chief and Hembd's first-level supervisor in the Metal Technology Shop (Tr. 51-52).  Bowdry completed two performance reports on Hembd and several of his co-workers ending in 2000 and 2001; during these evaluations, Bowdry inquired about their volunteer work and considered this work in addition to their work performance in making his cash award nominations to Civilian Personnel (Tr. 53-56).  In using the "whole-man" concept to evaluate employees, Bowdry admitted using qualifications aside from simply job performance in nominating employees for monetary awards (Tr. 55).  According to Deborah Clark, who was an Employee Relations Specialist handling the awards program during the performance period in question, the "whole-man" concept was used by Bowdry alone, and was not an Air Force-mandated program (Tr. 18-20).  However, she did agree that from her exposure to the military environment, supervisors often looked beyond solely work performance (Tr. 22-23).

Hembd claims that several of his fellow co-workers, Craig Trujillo, Harvest Smith, Gerald Baker, and Charles Ambico, received monetary cash awards during the performance period of April 1, 2000 to March 31, 2001.  During the Department of Defense investigatory hearing, Hembd asserted that prior to Bowdry's supervision, he received numerous monetary performance awards while working under Sergeant Brooks (Tr. 11-12).  Bowdry acknowledged that although Hembd did not receive an award, the employees who were nominated were exceptional employees who regularly surpassed expectations (Tr. 58-59).  Hembd contends that

the most similarly-situated employee to receive a cash award was Craig Trujillo, who also works as a machinist during the same day shift, and whom Bowdry used as the standard for comparison (Tr. 10-11). Trujillo and Bowdry both regularly attend church, and Trujillo volunteers considerable time to church activities (Tr. 28-30, 54). Of the other three employees nominated by Bowdry during this performance period, all three acknowledged rare to occasional attendance at Christian churches; none were exceptionally involved in their church or religious activities. Hembd maintains that Trujillo and the other nominees were selected for the monetary award due to their religious beliefs and involvement, and that despite not being nominated, he is very involved with union activities and repeatedly given "priority, mission essential work" for which Hembd believes he should be recognized. *Id.*

## SUMMARY JUDGMENT

For Dr. Dominguez to prevail on his Motion for Summary Judgment, he must show that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Hembd must first establish a *prima facie* case of discrimination, by showing either direct evidence of discriminatory intent, or indirectly by circumstantial evidence. In particular, to prove his case by circumstantial evidence, he must show that (1) he is a member of a protected class; (2) he is qualified for the position; (3) he suffered an adverse employment action; and (4) other employees with qualifications similar to his own were treated more favorably. *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802; *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); *Tempesta v. Motorola, Inc.*, 92 F. Supp. 2d 973, 975 (D. Ariz. 1999). Hembd carries the initial burden of proving a *prima facie* case of disparate treatment by either direct or circumstantial evidence. *See McDonnell Douglas v. Green*, 411 U.S. 792 (1973). He must introduce probative, admissible evidence to establish a *prima facie* case, and the ultimate burden remains with him. *Reeves v. Sanderson Plumbing*, 530 U.S. 133 (2000).

If Hembd succeeds in establishing a *prima facie* case, the burden of production shifts to Dr. Dominguez to articulate a legitimate, nondiscriminatory reason for failing to grant a cash award to Hembd. *Aragon v. Republic Silver State Disposal*, 292 F.3d 654 (2002) (quoting

1  *McDonnell Douglas*, 411 U.S. at 802 (1973)).  If he states a legitimate, nondiscriminatory

2  reason, Hembd must demonstrate that the articulated reason is a pretext for unlawful

3  discrimination by "either directly persuading the court that a discriminatory reason more likely

4  motivated the employer or indirectly by showing that the employer's proffered explanation is

5  unworthy of credence." *Id.* (quoting *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1124 (9th

6  Cir. 2000)).  However, Hembd's evidence must be both specific and substantial to overcome the

7  legitimate reasons put forth by Roche.  *Id.*  If Hembd demonstrates pretext, then the

8  burden-shifting framework disappears, and the only remaining issue is 'discrimination vel non.'

9  *Id.* (quoting *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000)).

**DISCUSSION**

11  First, the Court finds that Hembd has shown he is a member of a protected class because

12  of his agnostic religious beliefs.  Title VII protects against discrimination based on an

13  individual's religion.  42 U.S.C. § 2000e-2 (West 2006).  Therefore, a plaintiff is a member of

14  a protected class if he holds a religious belief.  *EEOC v. Townley Engineering & Manufacturing*

15  *Co.*, 859 F.2d 610, 614 (9th Cir.1988) (stating that the term "religion" as used in Title VII

16  includes one's religious beliefs).  Agnosticism is a religious belief and therefore Hembd, as an

17  agnostic, is a member of a protected class.  *See EEOC v. Townley Engineering &*

18  *Manufacturing Co.*, 859 F.2d at 614 (holding that atheism is a religious belief and atheists are

19  protected against religious discrimination).

20  The Court further finds that Hembd has shown he was qualified as an Aircraft Machinist

21  and eligible for a monetary cash award.  Hembd has worked as an Aircraft Machinist since

22  1985, and has received numerous awards under prior supervisors.

23  The Court finds that there is a genuine issue of fact regarding whether the failure to

24  award Hembd a cash award was an adverse employment action.  Although not every

25  employment decision amounts to an adverse employment action, the Ninth Circuit takes an

26  expansive view of what constitutes an adverse employment action.  *See Ray v. Henderson*, 217

27  F.3d 1234, 1240-42 (9th Cir. 2000).  The question of whether the denial of a cash performance

28  award is an adverse employment action has not been directly addressed in the Ninth Circuit.

1    In other circuits, the failure to receive a monetary bonus is an adverse action if the employee

2    was automatically entitled to that bonus. *Russell v. Principi*, 257 F.3d 815, 819 (D.D.C. 2001);

3    *Rabinovitz v. Pena*, 89 F.3d 482, 488 (7th Cir.1996) (holding that the "loss of a bonus is not an

4    adverse employment action…where the employee is not automatically entitled to the bonus").

5            Here, neither party specifically addressed whether employees are automatically entitled

6    to a monetary performance award.  Hembd claims that prior to Bowdry's supervision, the

7    awards were automatic, and co-worker Gerald Baker agreed that in the six to eight years prior

8    to Bowdry's supervision, Baker received awards every year, although not in the first year under

9    Bowdry's supervision.  However, Bowdry testified that the awards were not automatic, and that

10   further, he simply nominated candidates for the award, and the final determination was made

11   by another office.  Similarly, Deborah Clark, a former Employee Relations Specialist, testified

12   that while supervisors recommend candidates for awards, higher officials approve all awards

13   granted.  However, it remains a question of fact whether all nominated employees are approved

14   by the officials, which would render the supervisor's recommendations effectively automatic.

15   The Court finds that Hembd's allegations are sufficient to raise an issue of material fact as to

16   whether he suffered from an adverse employment action.

17           **IT IS ORDERED** denying Defendant's Motion for Summary Judgment (Doc. #6).  This

18   denial is without prejudice to the parties' ability to file a motion for summary judgment

19   following the completion of discovery.

20           **IT IS FURTHER ORDERED** that Defendant file an Answer to Plaintiff's Complaint

21   within twenty (20) days from the date of this Order.

22           DATED this 31st day of March, 2006.

23

24

25                                         _____

26                                              David K. Duncan
                                            United States Magistrate Judge

27

28